### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DEIONDRA R. BUTLER, # 281018,** | : |
|     **Plaintiff,** | : |
| vs. | :  CIVIL ACTION 20-0236-KD-MU |
| **ALDOC CERT TEAM,** *et al.*, | : |
|     **Defendants.** | : |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that the claim against Defendant ADOC be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and the claim against Defendant Stewart be dismissed without prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, with leave granted to file a second amended complaint against Defendant Stewart.

### I.  Nature of Proceedings.

Plaintiff filed a § 1983 complaint against ALDOC CERT Team (CERT Team) for injuries he suffered on July 19, 2018, when Defendant CERT Team entered C-Dorm at Holman Correctional Facility and assaulted him and other inmates.  (Doc. 1 at 4-5, PageID.4-5).  Plaintiff was lying face-down on his bed, with his hands behind his head, when he was beaten with sticks by masked officers in black uniforms and was slapped in the face.  (*Id.* at 5, PageID.5).  He did not receive medical care for a month, and when

he did, he received "free-world" treatment for broken bones in his left hand and bruised ribs, and therapy for his back. (*Id.*). For his injuries, he seeks $1.5 million in compensatory damages.

When the Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B), it found the complaint was frivolous because Plaintiff sued a Defendant, ALDOC CERT Team, an entity not capable of being sued, nor a "person" for § 1983 purposes. (Doc. 4 at 1-2, PageID.17-18). Instead of dismissing the action as frivolous, Plaintiff was granted leave to file an amended complaint for the purpose of identifying the officers who violated his constitutional rights and describing what each officer did to violate his constitutional rights. (*Id.* at 2, PageID.18). The Court also informed Plaintiff of the pleading requirements for stating a plausible claim against a defendant. (*Id.* at 3, PageID.18-19). The Court ordered Plaintiff to file his amended complaint before July 30, 2020 or his action would be dismissed for failure to prosecute and to follow the Court's order and advised his amended complaint would replace his original complaint because the original complaint would be considered abandoned. (*Id.* at 4, PageID.20).

When Plaintiff did not file an amended complaint within the required time, the Court informed Plaintiff that his action would be barred by the two-year statute of limitations from being brought again if it was dismissed. (Doc. 5 at 1-2, PageID.21-22). And the Court ordered Plaintiff to show cause by August 24, 2020 why his action should not be dismissed with prejudice for failure to file an amended complaint that conformed with the Court's prior order. (*Id.* at 2-3, PageID.22-23).

With the date for responding to the Court's show-cause order having passed, a report and recommendation was entered on August 28, 2020 to dismiss this action with

prejudice pursuant to Fed.R.Civ.P. 41(b) for failure to comply with the Court's orders. (Doc. 6, PageID.24). Then, on the September 14, 2020, the Court received an amended complaint from Plaintiff, signed on September 4, 2020 and postmarked September 9, 2020. (Doc. 7, PageID.30). Thereupon, the Court withdrew the report and recommendation. (Doc. 8, PageID.39).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 7) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the

pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Furthermore, the Court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III.  Analysis.

The complaint before the Court is the amended complaint. (Doc. 7, PageID.30). In the amended complaint, Plaintiff named as Defendants the Alabama Department of Corrections (ADOC) and Warden Cynthia Stewart (Stewart). (Doc. 7 at 5-6, PageID.34-35). For a general description of his claims, he refers the Court to his original complaint

4

even though he had been informed the original complaint was abandoned. (*see* Doc. 4 at 4, PageID.20). For his specific claims against Defendant Stewart, he states, "Due to the CERT Team all having ski mask[s] on and cannot be identified[,] the warden is held responsible for [him] being assaulted at the facility on July 19, 2018 in C-Dorm." (*Id.* at 5, PageID.34). Then, for his claims against Defendant ADOC, he states, "Due to the CERT Team being ski masked to conceal identity[,] they cannot be identified[.] [B]y ALDOC being the employer/representative the[y are] held accountable for the actions of employees [who] assaulted me on July 19, 2018 in C-Dorm at Holman Prison." (*Id.* at 6, PageID.35).

## A. Defendant ADOC.

Turning first to Defendant ADOC, "[a] successful section 1983 action requires a showing that the conduct complained of (1) was committed by a *person* acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added) (citation omitted). In a § 1983 action, the State of Alabama and its "arms" are not considered "persons." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). ADOC is an "arm" of the State of Alabama and, therefore, is not a "person" that may be sued under § 1983. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (the Alabama Board of Corrections is a part of the State); *see* ALA. CODE § 14–1–1.1 (ADOC is the successor to the Board of Corrections). Because ADOC is not a "person" for § 1983 purposes, Plaintiff's claim against Defendant ADOC is frivolous as a matter of law.

Furthermore, the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a State's consent. *Alabama v. Pugh*, 438 U.S. at 781, 98 S.Ct. at 3057 (ruling the Eleventh Amendment barred an action against the State of Alabama). The two exceptions to a State's Eleventh Amendment immunity are if the State has waived its immunity or Congress has abrogated the State's immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54, 131 S.Ct. 1632, 1638, 179 L.Ed.2d 675 (2011); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama, though, has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity), *overruled on other grounds by LeFrere v. Quezada*, 588 F.3d 1317, 1318 (11th Cir. 2009). Nor has Congress in § 1983 abrogated a State's Eleventh Amendment immunity. *See Carr*, 916 F.2d at 1525 (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. June 26, 1981).[1] For these alternate reasons, the claim against Defendant ADOC is frivolous as a matter of law.

## B.  Defendant Cynthia Stewart.

The other Defendant in the amended complaint is Defendant Stewart. (Doc. 7 at 5, PageID.34). Plaintiff seeks to hold her responsible for the actions of the CERT Team

---

[1]  In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.

6

who assaulted and injured him while she was the warden at Holman.  (*Id.*).  However, in a § 1983 action, holding a defendant liable solely for the actions of a subordinate is not a recognized theory of liability under § 1983.  *See Monell v. Dep't of Social Serv.,* 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (holding the city could not be held liable either vicariously or under the theory of respondeat superior for the acts of an employee in a § 1983 action).  In order to hold a supervisor liable under 42 U.S.C. § 1983, "a plaintiff must allege that the supervisor personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013).  This causal connection can be shown in different ways, among them, are a custom or policy.  *Id.*  But "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  The facts that must be alleged "will vary with the constitutional provision at issue."  *Id.*

Plaintiff's allegations seek to hold Defendant Stewart liable for the actions of the CERT Team that inflicted injuries on him.  Section 1983 does not permit liability to be imposed on a supervisor in this manner.  The allegations against a supervisor must demonstrate that the supervisor personally participated in or was causally connected to the constitutional violation in some other manner.  *See Franklin, supra.*  Because the allegations only seek to hold Defendant Stewart liable for the actions of others, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Stewart.

Furthermore, the allegations contained in the original complaint were not considered because the Court informed Plaintiff in its prior order that the original complaint is considered abandoned by the filing of the amended complaint. Thus, any additional allegations against Defendant Stewart should have been included in the amended complaint that superseded the original complaint.

### IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that the claim against Defendant ADOC be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and the claim against Defendant Stewart be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave being granted to file a second amended complaint against Defendant Stewart due to the fact that this is the first instance in which Stewart is named as a Defendant. It is noted that since the incident occurred on July 19, 2018, Plaintiff will be precluded from filing a viable separate action against Defendant Stewart in the future because the two-year statute of limitations for a § 1983 action will bar such a claim.[2]  *See Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992).[3]

---

[2]    Whether Fed. R. Civ. P. 15(c), governing relation back amendments, will permit an amended complaint against Defendant Stewart is an issue for resolution at a later date, if the second amended complaint states a claim upon which relief can be granted against Defendant Stewart.  Nevertheless, it is noted that the original complaint filed on April 23, 2020 (Doc. 1) appears to contain no allegations that seem to involve Defendant Stewart.

[3]    The second amended complaint against Defendant Stewart is **ORDERED** to be pled according to the directives in this report and recommendation and in the order dated July 2, 2020 (Doc. 4), and on the Court's complaint form for a § 1983 action, and to be based on the incident contained in the original complaint.  The Clerk is **DIRECTED** to send Plaintiff the § 1983 complaint form.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 5th day of October, 2020.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

9